LABORDE, Judge.
Defendant, Roy Lee Williams, was convicted of possession of a firearm by a felon and possession of a bomb in violation of LSA-R.S. 14:95.1 and LSA-R.S. 14:54s.[1] Defendant was sentenced to imprisonment at hard labor without benefit of probation, parole or suspension of sentence for five (5) years for possession of a firearm by a felon and for three (3) years for possession of a bomb. These sentences are to run concurrently. Defendant appeals. We affirm.
*1287 Since defendant has neither set forth assignments of error nor has he filed a brief in this matter, our review normally would be limited to a mere inspection of the pleadings and proceedings for patent errors. State v. Dewey, 408 So.2d 1255 (La.1982); LSA-C.Cr.P. art. 920(2). However, upon review of the record, we find that counsel for defendant stated the following:
“Yes, your Honor, at this time we notify ... I notify the court of our intention to appeal and do appeal to the Third Circuit Court of Appeal and/or to the Supreme Court of the State of Louisiana. We will designate the entire record ... that we would desire the entire record as it is the defendant’s contention that an essential element of the crime ... of each crime has not been proven.”
Therefore, since it has been brought to our attention that an essential element of each crime has not been proven, we feel compelled to review the case for this alleged error. See State v. Raymo, 419 So.2d 858, at 861 (La.1982).
We do not hold that insufficiency of evidence is an error patent which should be checked in every case. But, if the error comes to the attention of the Court, the Court should recognize it, because no one should be put in prison if he has been convicted on insufficient evidence. State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La.1981); id., 1220 (Lemmon, J. concurring).
On February 20, 1981, the Louisiana State Police were issued a warrant to search the residence of defendant, Roy Lee Williams. The next morning, the State Police, led by Trooper David Rushing, executed the warrant at 3111 Martin Street in Alexandria.
Trooper Rushing and his colleagues gained admittance to the residence when defendant responded to their knocking on the front door. After serving defendant with the search warrant, Trooper Rushing proceeded to search the premises.
As Trooper Rushing entered one of the bedrooms, he immediately noticed two weapons. The first, a fully loaded Smith & Wesson .357 magnum revolver, was lying on the bed about an inch from the pillow. The second, a loaded 12 guage double barreled shotgun, was standing in the corner of the room 6-9 inches from the bed. A further search of the bedroom yielded an unloaded .32 caliber revolver found in a brown bag on the dresser and a hand grenade simulator found in the closet of the bedroom.[2]
Defendant was placed under arrest and was subsequently convicted of possession of a firearm by a felon and possession of a bomb.
On a review of sufficiency of evidence, we must determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. The relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
After reviewing the evidence and testimony in a light most favorable to the prosecution, we conclude that the essential elements of the crimes in which defendant was convicted were proven beyond a reasonable doubt.
For the foregoing reasons, the conviction and sentence of defendant, Roy Lee Williams, is affirmed.
AFFIRMED.

. Defendant had previously plead guilty on June 16, 1980, to possession of marijuana with intent to distribute.

. A hand grenade simulator is an explosive device manufactured by the United States Army designed to simulate an actual grenade exploding.