400 So.2d 637 (1981)
STATE of Louisiana
v.
Samuel HYMER.
No. 80-K-2933.
Supreme Court of Louisiana.
June 22, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Walter Lee Perkins, Jr., Asst. Dist. Atty., for plaintiff-relator.
James Sharp, Jr., Monroe, for defendant-respondent.
CUTRER, Justice.[*]
Defendant, Samuel Hymer, was charged, by a bill of information, with possession of a controlled dangerous substance, to wit: "marijuana, a violation of La.R.S. 40:967." Defendant filed a motion to suppress the evidence. After a hearing the motion to suppress was granted by the trial court.[1] The State contends that this ruling was error and now appears before this court under a grant of supervisory writs. 396 So.2d 910.
The single assignment of error contends that the trial court erred in suppressing the marijuana and other contraband located in the room occupied by defendant, Samuel Hymer, at 2101 South Grand Street in Monroe, Louisiana.
Acting upon information from a confidential informant, Officer Brian Boney obtained a search warrant authorizing the search of a residence located at 2101 South Grand, Monroe, Louisiana, being a large white wood frame house with a gray roof. The search warrant authorized the executing officer to search any person, and his/her belongings at the above described location at the time of the search. The warrant authorized a search for controlled dangerous substances including marijuana.
The only testimony presented at the hearing on the motion to suppress was that of Officers Brian Boney and William Beckham, the officers who carried out the execution of the search warrant.
That testimony reveals the following:
At 7:55 P.M. on September 26, 1980, the residence was searched. James Newell Till and his wife, Ms. Mary Jo Till, were present when the officers arrived. Hymer came in during the search. Mr. Till was advised of his rights and when asked if he had any marijuana, he responded affirmatively and handed over to the officers marijuana he *638 had taken from a dresser in a bedroom. Officer Boney testified that Mr. and Ms. Till were very cooperative and sat quietly as the officers located marijuana elsewhere in the large, two-story residence.
Officer Beckham stated that while conducting a search of the residence, he encountered a door which was locked. Ms. Till, when asked where it led, said only that it was a bedroom and produced a key which the witness used to unlock the door. This witness, as did Officer Boney, testified that when the room was entered, they did not know that it was being occupied by Hymer. Once in the room, Officer Beckham found a bag of marijuana and a wooden pipe in a dresser drawer. When asked at what point he realized that it was Hymer's bedroom, he responded that it was not until Officer Boney entered the room and found a bill in the dresser with Hymer's name on it. Officer Boney had testified earlier that his confidential informant had told him that a brother-in-law by the name of "Newell" also lived in the residence at 2101 Grand but that he did not learn that the bedroom searched was the defendant's until a J. C. Penney bill addressed to Hymer was found in a dresser in the room.
Officer Beckham testified that the defendant arrived at the residence while the search was in progress and after the marijuana was found in his bedroom.
Neither the defendant nor Mr. and Ms. Till testified at the hearing. No witnesses were called on their behalf.
After hearing this evidence, the trial court, in granting the motion to suppress the evidence found in Hymer's room, commented that the search warrant "did not entail the search of Mr. Hymer's room." The ruling of the trial court was erroneous and we will reverse.
The State contends that the scope of the search warrant extended to all portions or rooms of the residence, including the room occupied by Hymer. The defendant contends that the warrant, authorizing the search of premises at 2101 Grand, established probable cause for and applied only to the portion of the house occupied by the Tills. Defendant contends that the door to his room, being locked, put the executing officers on notice that this room was actually a "sub-unit" or an "apartment" and the search warrant for the residence did not authorize a search of such "sub-unit" or "apartment."
These arguments bring up the issue of whether it was necessary, under the circumstances, that the search warrant particularly describe Hymer's room as the place to be searched.
In the case of State v. Manzella, 392 S.2d 403, 405 (La.1980), this court held as follows:
"A search warrant must describe with particularity the place to be searched. U.S.Const., Amend. IV; La.Const. art. 1, § 5; C.Cr.P. art. 162. As we said in State v. Cobbs, 350 So.2d 168, 177 (La.1977):
"The object of the description in a search warrant is to prevent the search of the wrong premises. If the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable certainty and with the reasonable probability that the police will not search the wrong premises, the description is sufficient."
The description of the premises to be searched, found in both the application for the warrant and the warrant itself, was as follows:
"2101 SOUTH GRAND, MONROE, LA., being a large white wood frame house with a gray roof. The residence is located at the corner of Chestnut St. and South Grand St."
As we review the information furnished to Officer Boney contained in the application,[2] we note that the confidential informant *639 stated that he could purchase marijuana at the described premises. After a search of the informant, and while he was under surveillance, such informant went into the particular premises and made the purchase and turned same over to the officers. Also, the informant told Officer Boney that he had observed marijuana in the premises in the possession of a person known as "Newell."
The reference to the name "Newell" would not have the effect of placing a limitation upon the area to be searched within the premises. The information, in addition to reflecting possession by "Newell," reflects that marijuana was located in the premises and also a purchase was made in the premises. Under these circumstances there existed probable cause for a search warrant to issue authorizing the search of the described premises and not just a portion thereof.
Further, there is no evidence in the record that Hymer's room constituted a separate "sub-unit" or "apartment" so as to require a particular description. Defendant did not testify and called no witnesses at the hearing. There is no evidence that the room was private or inaccessible to his sister and brother-in-law. There is no proof that Hymer paid any rent for the use of the room.
The proof only reflects that Mr. Till, Ms. Till and Ms. Till's brother, Hymer, occupied the premises to be searched. The search of the bedroom occupied by Hymer was clearly authorized by the search warrant. This court stated in the case of State v. Roach, 322 So.2d 222, 226 (La.1975) that:
"... a search warrant authorizing the search of the `premises' at a stated address must reasonably be interpreted to permit a search of the dwelling house proper, the garage, and any other outbuildings within close proximity of the house proper that one normally associates with and includes within the word `house' or `premises.' United States v. Long, 449 F.2d 288 (8th Cir. 1971), cert. denied, 405 U.S. 974, 92 S.Ct. 1206, 31 L.Ed.2d 247 (1972); Fine v. United States, 207 F.2d 324 (6th Cir. 1953); cert. denied, 346 U.S. 923, 74 S.Ct. 310, 98 L.Ed. 417 (1954); State v. Brochu, 237 A.2d 418 (Me.1967)...."
Hymer's room was a part of the premises and there was probable cause to search the described premises including the room in question. The motion to suppress was erroneously granted by the trial court.
Accordingly, the ruling of the trial court granting the defendant's motion to suppress is reversed and vacated and the case is remanded to the district court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
REDMANN, J., Pro Tem., dissents with reasons.
REDMANN, Justice Pro Tem., dissenting.
This Court is unconstitutionally constituted and an accused is denied due process of law by his or her case's being referred to it instead of the Louisiana Supreme Court as *640 constituted by La.Const. Art. 5 §§ 1, 3 and 4, to which this Court should order this case referred.
See the writer's dissent, State v. Petterway, La.1981, 403 So.2d 1157, 1161.
NOTES
[*] Judges Cecil C. Cutrer, Court of Appeal, Third Circuit; William V. Redmann and Thomas J. Kliebert, Court of Appeal, Fourth Circuit; participated in this decision as Associate Justices Ad Hoc; joined by Associate Justices Pascal F. Calogero, Jr.; James L. Dennis; Fred A. Blanche, Jr. and Harry T. Lemmon.
[1] Defendant's motion was consolidated for purposes of the hearing with the motion to suppress of two other defendants. While the motion as to the accused was granted, the motion as to the other two was denied.
[2] The oath in support of the search warrant, as attested by Officer Boney, urged that probable cause to search was based on the following:

Within the past 30 days, your affiant has been contacted by a RELIABLE CONFIDENTIAL INFORMANT who stated to your affiant that the RCI could purchase a controlled dangerous substance (being marijuana) from a particular location. The RCI was searched by your affiant for controlled dangerous substances and none were found. The RCI under direct controlled surveilance was allowed to enter a particular residence. Said residence was kept under constant surveillance by your affiant and after an alloted amount of time, the RCI left the residence and returned to your affiant at a predermined [sic] location and turned over to your arriant a substance the RCI stated was marijuana. After the RCI turned over the suspected marijuana, your affiant field-tested the substance and the results were positive.
"The information received from this RCI is believed to be true and correct due to past infromation [sic] received from this RCI has always proved to be truthful and has been verified by your affiant through other police officers. This RCI has provided infromation [sic] in the past which led to one felony marijuana arrest.
"Within the past 36 hours, your affiant has been contacted by this same RCI, who stated to your affiant thatwithin this same 36 hour period, this RCI has had the oppuntunity [sic] to be at 2]0] South Grand St., and while at this location, said RCI observed approximately one-half pount of marijuana in the possession of a white male known as NEWELL."