499 So.2d 281 (1986)
STATE of Louisiana
v.
Freddie MILLER, Jr.
No. KA 86 0698.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
Allen W. Helm, Asst. Dist. Atty., Houma, for plaintiff and appellee State of La.
James Alcock, Houma, for defendant and appellant Freddie Miller, Jr.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
CRAIN, Judge.
Freddie Miller, Jr., was charged by bill of information with manslaughter in violation *282 of La.R.S. 14:31(2)(a). He pled not guilty, was tried by jury and convicted as charged. The trial court sentenced him to a ten year term of imprisonment at hard labor to be served consecutively to a sentence he was then serving.

FACTS
The record reveals that Sgt. Freddie Williams of the Houma Police Department was dispatched to Miller's residence, on May 1, 1985, to investigate a shooting incident. Upon arrival, Sgt. Williams discovered the lifeless body of a man, who he recognized as Arthur Franklin, III, lying in the doorway. Near Franklin's body, Sgt. Williams observed a .30 caliber rifle. When questioned by Sgt. Williams, Miller maintained that he was clowning around with the gun when it accidently discharged, striking the victim.
Franklin died of a single gunshot wound to the chest. The fatal bullet was fired from the .30 caliber rifle which had been purchased by Miller from a sporting goods store on April 29, 1985. Lt. William Null, also of the Houma police force, demonstrated how the weapon is loaded. He noted that twenty-nine live rounds of the thirty round capacity were intact in the ammunition clip when the gun was discovered.
Other evidence introduced at trial indicated that Miller was arrested for attempted burglary in December of 1973. Miller ultimately pled guilty to that charge. On February 5, 1974, he was placed on supervised probation for a two year period.
In bringing this appeal, defendant urges eight assignments of error. We find merit in assignment of error number one, which is dispositive of this appeal.

Assignment of Error No. 1
By means of assignment of error number one, defendant contends that the trial court erred in failing to grant his motion for post verdict judgment of acquittal. We agree.
This prosecution is based on La.R.S. 14:31(2)(a) which states:
Manslaughter is:
* * * * * *
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person ...
The state sought to prove Miller's guilt by establishing that the victim was killed while Miller was engaged in a predicate felony; i.e., possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1. The elements of La.R.S. 14:95.1 are: (1) possession of a firearm, (2) conviction of an enumerated felony, (3) absence of the ten year statutory period of limitation, and (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983).
In proving the elements of La.R.S. 14:95.1, the state introduced evidence to establish that Miller had a prior felony conviction for attempted simple burglary, one of the felonies enumerated in La.R.S. 14:95.1. The state's proof that the ten year statutory period had not elapsed consisted of evidence that Miller was sentenced to a two year period of supervised probation on February 5, 1974. The state argued that from this evidence the ten year period would not begin to toll until the completion of the two year probation on February 5, 1976. Consequently, the ten year period would not toll until February 5, 1986. The shooting took place on May 1, 1985, eight months before the 10 year period should have expired.
Miller contends it was necessary for the state to prove the date of completion of probation, not just the sentence imposed. This is a correct statement of the law. Under La.R.S. 14:95.1, it is necessary for the state to prove that ten years has *283 not elapsed since the date of completion of the sentence, probation, parole, or the suspended sentence. See State v. Williams, 366 So.2d 1369 (La.1978); State v. Harris, 444 So.2d 257 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1234 (La.1984). This is not established by proving only the initial sentence imposed, for this factor is not the sole criterion to enable determination of the date when defendant's sentence was completed. Cf. State ex rel. Wilson v. Maggio, 422 So.2d 1121 (La.1982); State v. Anderson, 349 So.2d 311 (La.1977). Discharge from supervision by the probation department can take place earlier than the theoretical date on which the initial sentence would have terminated. In a felony case, for example, the trial court may terminate a defendant's probation and discharge him at anytime after the expiration of one year of probation. La.C.Cr.P. art. 897. "In proving every element of the offense the state must prove, not only the felony conviction, but the date of completion of the punishment." Williams, 366 So.2d at 1375 (Emphasis added). Although the evidence may be construed to show that defendant had a prior felony conviction of attempted simple burglary and was sentenced to two years probation, there is no evidence of record to prove the date of completion. Under these circumstances a rational trier of fact could not find that the state proved beyond a reasonable doubt the essential elements of the crime. La.C.Cr.P. art. 821(B).
When the state has produced no evidence of an essential element of a crime charged, or of a predicate offense needed to establish an essential element of the charged offense, the defendant is entitled as a matter of law to a judgment discharging him. State v. Harris, 444 So.2d 257.

DECREE
Accordingly, the defendant's conviction and sentence for manslaughter are reversed, and defendant is ordered discharged on this charge.
REVERSED AND RENDERED.