569 So.2d 566 (1990)
STATE of Louisiana
v.
Reginald DENNIS.
No. 89 KA 1714.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*567 William R. Cambell, Jr., New Orleans, David J. Knight, Asst. Dist. Atty., Covington, for appellee.
James H. Looney, Office of Indigent Defender, Covington, for appellant.
Before EDWARDS, WATKINS and LeBLANC, JJ.
WATKINS, Judge.
Reginald Dennis was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. Defendant waived his right to a jury trial and was found guilty as charged by the trial court. Subsequently, he was sentenced to imprisonment at hard labor for a term of six years without benefit of probation, parole or suspension of sentence. In bringing this appeal, defendant urges in a single assignment of error that the state failed to prove beyond a reasonable doubt one of the elements of the instant offense, i.e., that the sentence for the prior felony conviction relied on by the state was completed less than ten years before the alleged commission of the charged offense of possession of a firearm by a convicted felon.
The trial testimony of Ms. Renae Baham and Ms. Sarah Gordon reveals that, on the afternoon of June 16, 1988, Ms. Baham and Ms. Gordon were together in Ms. Baham's car at Ms. Gordon's apartment in Mandeville, Louisiana. At that location, while Ms. Gordon was going to her mail box in front of Ms. Baham's car, defendant pulled up in his car behind Ms. Baham's vehicle. After defendant threatened Ms. Gordon, the two women hastily departed in Ms. Baham's car. However, defendant pursued their car in his vehicle. Along the way, both vehicles stopped at a traffic signal with an illuminated red light. At that time, defendant exited his vehicle and retrieved a pistol from the trunk of his car. Holding the gun in his hand, defendant got into his car and continued to pursue the two women. Eventually, the two women drove into *568 the parking lot at the Mandeville City Police Station. Defendant drove through and left the parking lot, and Ms. Gordon went into the police station and reported what had happened to her and Ms. Baham. In the meantime, defendant drove through the parking lot a second time. Shortly thereafter, the police stopped defendant's car and placed defendant under arrest for driving a vehicle with an expired license plate and driving with an expired driver's license. Defendant's car was impounded by the police; during an inventory search at the police station, a pistol was recovered from the trunk of the vehicle. After an investigation of defendant's criminal record, defendant was arrested for possession of a firearm by a convicted felon.
Initially, we note that the record does not reflect that defendant filed a motion for post-verdict judgment of acquittal. In order to challenge a conviction on the basis of insufficiency of the evidence, defendant should have proceeded by way of a motion for post-verdict judgment of acquittal. See LSA-C.Cr.P. 821. Nevertheless, we will consider a claim of insufficiency of the evidence which has been briefed pursuant to a formal assignment of error.
In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier-of-fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984). The standard has been codified in LSA-C.Cr.P. art. 821.
The elements of possession of a firearm by a convicted felon are: (1) possession of a firearm, (2) conviction of an enumerated felony, (3) absence of the ten year statutory period of limitation, and (4) general intent to commit the offense. LSA-R.S. 14:95.1; State v. Miller, 499 So.2d 281 (La.App. 1st Cir.1986).
In its attempt to prove the elements of LSA-R.S. 14:95.1, the state introduced evidence to establish that defendant had a prior felony conviction in the state of California for selling, furnishing, giving away or offering to sell, furnish or give away marijuana (a crime which if committed in Louisiana would have been one of the enumerated crimes in LSA-R.S. 14:95.1). The state's proof that the ten year statutory period of limitation had not elapsed consisted of evidence that Reginald Dennis was sentenced to an eighteen month probationary period on August 5, 1977, for the prior conviction and that, on October 20, 1978, (prior to expiration of the entire probationary period) Dennis' conviction was set aside and dismissed as per California Penal Code Section 1203.4. From this evidence, the state argued that the ten year statutory period of limitation would not toll until October 20, 1988. Thus, the state concluded that Reginald Dennis' possession of a firearm on June 16, 1988, occurred slightly more than four months before the ten year period of limitation would have expired.
Defendant contends that the evidence of the setting aside and dismissal of the prior conviction on October 20, 1978, did not prove beyond a reasonable doubt the date of completion of the punishment for the prior conviction. In reaching that conclusion, defendant relies on the possibility that under California law the probationary period for the prior conviction terminated before the October 20, 1978, setting aside and dismissal of the prior conviction.
Under LSA-R.S. 14:95.1, it is necessary for the state to prove that ten years has not elapsed since the date of completion of the sentence, probation, parole, or the suspended sentence. State v. Miller, 499 So.2d at 282. In proving every element of the offense, the state must prove, not only the felony conviction, but the date of completion of the punishment. State v. Miller, 499 So.2d at 283.
In regard to a prior enumerated felony committed in Louisiana, this Court observed in State v. Miller, 499 So.2d at 283, that discharge from supervision of probation *569 can take place earlier than the theoretical date on which a probationary period would have terminated. Accordingly, we concluded in Miller that (under the circumstances presented therein) the date of completion of punishment had not been proved beyond a reasonable doubt based upon the state's evidence which established only the term of the probationary sentence imposed for the prior conviction, i.e., the theoretical date on which the sentence would have terminated.[1]
Although the state's evidence may be construed to show that Reginald Dennis had a prior conviction (which would be one of the crimes enumerated in LSA-R.S. 14:95.1 if the crime had been committed in this state) for which he was sentenced to an eighteen month term of probation and that the prior conviction had been set aside and dismissed before the entire probationary term expired, there was no evidence of record to prove that the date the prior conviction was set aside and dismissed was the date Dennis was discharged from his probation, nor was there any other evidence of record to prove the actual date of discharge from probation, i.e., completion of the probationary sentence. With the evidence in this posture, a rational trier-of-fact would have had a reasonable doubt that the state had proved an element of the instant charge, i.e, that the ten year statutory period of limitation had not elapsed prior to Dennis' July 16, 1988, possession of a firearm.
When the state has produced no evidence of an essential element of a crime charged, or a predicate offense needed to establish an essential element of the charged offense, the defendant is entitled as a matter of law to a judgment discharging him. State v. Miller, 499 So.2d at 283; State v. Harris, 444 So.2d 257 (La. App. 1st Cir.1983), writ denied, 445 So.2d 1234 (La.1984).

DECREE
Accordingly, defendant's conviction and sentence for possession of a firearm by a convicted felon are reversed; and defendant is ordered discharged on this charge.
CONVICTION AND SENTENCE REVERSED.
NOTES
[1] We note that just as discharge from probation in Louisiana can take place earlier than the theoretical date on which a defendant's probationary term would have terminated, Dennis' discharge from his California probationary sentence clearly could have occurred prior to the date on which his prior conviction was set aside and dismissed. In that regard, (pursuant to LSA-C.E. art. 202 A.) we take judicial cognizance of the provisions of the California Penal Code Section 1203.4, (in effect and applicable at the time of the setting aside and dismissal of Dennis' prior conviction) which specifically authorized such a setting aside and dismissal upon discharge from probation prior to termination of the probationary period; those provisions provided, in pertinent part, as follows:

(a) In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he shall thereafter be released from all penalties and disabilities resulting from the offense.... The probationer shall be informed, in his probation papers, of this right and privilege and his right, if any, to petition for a certificate of rehabilitation and pardon. The probationer may make such application and change of plea in person or by attorney, or by the probation officer authorized in writing; provided, that, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed.... (Emphasis added).