738 So.2d 1179 (1999)
STATE of Louisiana
v.
Phillip KNIGHT.
No. 99-KA-138.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1999.
*1180 Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, for defendant appellant.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, James F. Scott, III, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, State of Louisiana, Gretna, Louisiana, for plaintiff-appellee.
Court composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and SUSAN M. CHEHARDY.
GRISBAUM, Judge.
The defendant-appellant, Phillip Knight, appeals his conviction and sentence of a felon carrying an illegal weapon. La. R.S. 14:95.1. We reverse.

ASSIGNMENTS OF ERROR
The defendant assigns as error the following, to-wit:
1. The trial judge erred in using Philip Knight's uncorroborated inculpatory statement to establish an element of the offense.
2. The evidence is insufficient to establish all the elements of the offense.
3. The trial judge erred in denying the motion to suppress evidence where it was not affirmatively established that the verbal consent given to the officers to examine the truck was voluntary and not the product of an illegal detention.
4. The sentence is excessive under the circumstances ... and is not supported by the articulated reasons for sentencing or the record.
5. Trial counsel was ineffective.
6. The prosecutor's failure to present the statement at the suppression hearing invoked to suppress both physical evidence and statements and later to use the statement at trial constituted prosecutorial misconduct.
7. The trial judge erred in tacitly denying the motion to suppress the statements made by Philip Knight and in allowing the admission of his parole status into evidence when the statement was not offered during the suppression hearing.
8. Patent Error.
Defendant-appellant's original brief at p. 5.

FACTS AND PROCEDURAL HISTORY
The defendant, Phillip Knight, was charged by a bill of information with felon carrying an illegal weapon. La. R.S. 14:95.1. Defendant waived his right to a jury trial. After a bench trial, the defendant was found guilty as charged. He was sentenced to 15 years of imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. The defendant was also held in contempt of court for use of profanity and sentenced to an additional six months in Jefferson Parish Prison. Defendant's motion for reconsideration of sentence was denied.
On the morning of June 28, 1998, Deputy Joseph Ragas and Deputy Vasquez responded to a 9-1-1 call at the Schwegmann Supermarket on the Westbank Expressway in Harvey, Louisiana. The manager reported that, the prior evening, she and other store employees had seen a suspicious looking man driving around the parking lot. He was there when the *1181 manager left the prior evening and when she returned the next morning.
The officers found the defendant lying in the flatbed of a truck. The defendant told the officers he was waiting for someone to bring him money. When asked if he had weapons or contraband in the truck, the defendant responded that he did not think so. Officer Ragas testified that the defendant gave his consent for them to search the vehicle. Upon looking into the vehicle, Officer Ragas saw a handgun in plain view. In response to questions about his criminal history, the defendant told the officers that he had been arrested before and that he was on parole for aggravated crime against nature.

ASSIGNMENT OF ERRORS ONE AND TWOLAW AND ANALYSIS
The defendant-appellant contends that the evidence is insufficient to establish all the elements of the offense with which he was found guilty, felon carrying an illegal weapon. Specifically, he argues that the State failed to establish that the cleansing period had not elapsed and that Knight's uncorroborated inculpatory statement is insufficient to prove an element of the offense. We agree.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.
State v. Martin, 92-811 (La.App. 5th Cir. 5/31/94), 638 So.2d 411, 413 (citing State v. Rosiere, 488 So.2d 965 (La.1986); State v. Davis, 540 So.2d 600 (La.App. 5th Cir. 1989)). This standard does not provide the appellate court with the authority to substitute its appreciation of the evidence for that of the factfinder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165 (citing State v. Lubrano, 563 So.2d 847, 850 (La.1990)). It is not the function of the appellate court to assess credibility or reweigh the evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
For a defendant to be found guilty of possession of a firearm by a convicted felon the State must prove the following elements: "1) status of the defendant as a convicted felon, 2) an instrumentality defined as a firearm, and 3) physical and/or constructive possession of the firearm by the defendant." State v. Brooks, 496 So.2d 1208, 1209 (La.App. 5th Cir.1986) (citing State v. Mose, 412 So.2d 584 (La.1982); State v. Williams, 470 So.2d 356 (La.App. 5th Cir.1985); State v. Gatlin, 445 So.2d 47 (La.App. 4th Cir. 1984); State v. Bell, 439 So.2d 1163 (La. App. 4th Cir.1983)). The State must prove the felony conviction and that ten years has not elapsed since the date of completion of punishment. State v. Dennis, 569 So.2d 566 (La.App. 1st Cir.1990); State v. Miller, 499 So.2d 281 (La.App. 1st Cir. 1986). Evidence of the initial sentence imposed is not sufficient to establish the date of completion of punishment. Id.
Knight stipulated that he was found guilty of aggravated crime against nature on May 20, 1987 and sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence on August 6, 1987. The State relies on evidence of the initial sentence imposed and on Knight's statement to the officers that he is on parole for aggravated crime against nature to prove the cleansing period.
We find the evidence insufficient to prove beyond a reasonable doubt that ten years has not elapsed since the date of completion of the defendant-appellant's punishment. The initial sentence is insufficient to prove the cleansing period as required for a conviction of this offense based on Dennis, supra, and Miller, supra. The statement is also insufficient to prove the cleansing period beyond a reasonable doubt. It is unreliable in that Knight allegedly stated that he was out on parole for aggravated crime against nature; however, the record clearly shows he was sentenced *1182 without the benefit of probation, parole, or suspension of sentence. Thus, the defendant-appellant's attorney's statement of being out on parole directly contradicts the record evidence of his initial conviction. Ergo, the State has failed to meet its burden of proof. Accordingly, because there is no other evidence in the record to prove the completion of punishment, we find the State failed to prove beyond a reasonable doubt this element of the offense.
When the State fails to produce evidence of an essential element of the charged offense, the defendant is entitled as a matter of law to judgment discharging him. Miller, supra (citing State v. Harris, 444 So.2d 257 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1234 (La.1984)). Considering that we reverse this defendant appellant's conviction and sentence based on Assignments of Error One and Two, it is unnecessary for us to address his other assignments of error.
Accordingly, for the reasons assigned, we reverse the defendant-appellant's conviction and sentence and order that he be discharged on this charge.
REVERSED.