# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1109

**STATE OF LOUISIANA**

**VERSUS**

**MELANIE S. HANNER**

************

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 86,581
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

************

**DAVID E. CHATELAIN***
**JUDGE**

************

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain, Judges.

**CONVICTION REVERSED; SENTENCE VACATED.**

**J. Reed Walters**
**District Attorney**
**Steven P. Kendrick**
**Assistant District Attorney**
**Post Office Box 1940**
**Jena, Louisiana  71342**
**(318) 992-8282**
**Counsel for:**
    **State of Louisiana**

_____

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia Street**
**Rayville, Louisiana  71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
     **Melanie S. Hanner**

**CHATELAIN, Judge Pro Tempore.**

A jury convicted the defendant, Melanie S. Hanner, of possession of a firearm by a convicted felon. She now appeals, alleging that the evidence was insufficient to support her conviction. Finding the State did not prove that the ten-year cleansing period had not lapsed, we reverse the defendant's conviction and vacate her sentence.

## PROCEDURAL HISTORY

On July 24, 2008, the State charged the defendant by bill of information with possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1. The defendant waived arraignment. Subsequently, on February 23, 2009, the State amended the bill of information to set forth that the defendant had previously been convicted on September 15, 1995[1] of the felony offense of possession of marijuana with intent to distribute and that ten years had not elapsed between May 30, 2008, the date of the instant offense, and the completion of her sentence, probation, parole, or suspension of sentence for the said prior conviction. Trial by jury commenced on the date the bill of information was amended. On February 24, 2009, the jury found the defendant guilty as charged. On April 7, 2009, the trial court denied the defendant's motion for new trial. After waiving all applicable sentencing delays, the trial court sentenced the defendant to serve ten years at hard labor without benefit of parole, probation, or suspension of sentence, with credit for time served; additionally, the trial court ordered the defendant to pay a $1,000 fine within one year of her release. This appeal followed.

---

[1]The certified records from the Fourteenth Judicial District, Calcasieu Parish, which are contained in State's Exhibit 2, indicate that on September 5, 1995, a Melanie Hanner pled guilty to the charge of possession of marijuana with intent to distribute. Thus, for purposes of this opinion, we will assume that the State made a typographical error when listing the date of the defendant's prior felony conviction as September 15, 1995, in its Motion to Amend Bill of Information.

1

## FACTS

Detective Tracy Clark of the LaSalle Parish Sheriff's Office testified that on May 30, 2008, he responded to a report of a disturbance involving a handgun at the defendant's home and the neighboring home of her mother, Donna Childress.[2] Upon his arrival at the defendant's home, Detective Clark saw no signs of an altercation. Nevertheless, he asked the defendant whether she had a handgun on her property. She told him that there was a handgun that had belonged to her grandfather in a mobile home on her property that she kept for shooting snakes. The defendant located the handgun and agreed to allow Detective Clark to take it into police custody. Detective Clark had maintained custody of the handgun ever since; however, at the time of trial he had not run a check to determine to whom the gun was registered. The handgun was received into evidence as State's Exhibit 1.

Detective Clark testified that in June of 2008, Ms. Childress reported that the defendant was "still harassing her" and that the defendant had several felony convictions. Thereafter, he ran a criminal history check on the name "Melanie Hanner" in Louisiana and Texas, and he discovered that someone with that name had two convictions for felony drug charges. Detective Clark identified a set of certified records that he had received from Calcasieu Parish which indicated that a Ms. Melanie S. Hanner, with a date of birth of March 31,1972, had entered a plea of guilty on drug charges. No social security number was listed on the documents. Although those documents were admitted into evidence as State's Exhibit 2, Detective Clark did not testify regarding the contents of the documents.

---

[2]According to a report prepared by Detective Clark, which was provided to counsel for the defendant in discovery, Ms. Childress had temporary custody of the defendant's young daughter, and the dispute occurred when the defendant took her daughter and refused to return her to Ms. Childress's custody.

Detective Clark also testified that he ran the defendant's name through the Justice Department database. He explained that the database would provide an address and a photograph of a person, if that person had ever had a driver's license or I.D. card, or if that person had ever been arrested. When Detective Clark ran the defendant's name, he saw her photograph, date of birth, and social security number, but no prior convictions were listed. Prior convictions for a Melanie Hanner were, however, reflected on the National Crime Information Center website.

Detective Clark stated that after receiving the Calcasieu Parish records, he returned to the defendant's home to arrest her on the charge of possession of a firearm by a convicted felon. After the defendant was arrested, Detective Clark asked the defendant's friend to retrieve a shotgun that he had noticed in the mobile home on his previous visit. The shotgun was received into evidence as State's Exhibit 4. Detective Clark testified that the mobile home from which both firearms were retrieved was not liveable and that it appeared as though it was used to store junk; the electricity was not connected.

Detective Clark identified an arrest report which he had written when the defendant was booked into jail, which was admitted into evidence as State's Exhibit 3. Although he testified that the report contained the defendant's name and date of birth, Detective Clark did not actually testify as to that information.

**DISCUSSION**

The defendant contends that there was insufficient evidence to convict her of possession of a firearm by a convicted felon. More specifically, she argues that: (1) the State did not prove ownership of the firearms seized or of the mobile home where they were found, nor did it prove that the firearms were in her immediate control; (2)

3

the State did not prove that the Melanie Hanner convicted in Calcasieu Parish was the same Melanie Hanner as the defendant; (3) the State did not prove that she had the intent to posses a firearm; and (4) the State did not prove that the ten-year cleansing period had not lapsed.

The State asserts that it proved beyond a reasonable doubt that a person named Melanie Hanner pled guilty on September 5, 1995, in Calcasieu Parish to possession of marijuana with intent to distribute and received a suspended sentence of three years. On May 14, 1997, that same Melanie Hanner violated her probation and was sentenced to five years imprisonment; that sentence was suspended and her probation was extended for two additional years. The State asserts it is clear from the certified records of Calcasieu Parish that the cleansing period had not lapsed. Finally, the State submits that it proved that the defendant had possession of the two firearms located in the mobile home located adjacent to her home.

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, "assuming every fact to be proved that the evidence tends to prove." La. R.S. 15:438; *see State v. Neal*, 2000-0674 p. 9 (La.6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory requirement of La. R.S. 15:438 "works with the *Jackson* constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury." *Neal*, 2000-0674 p. 9, 796 So.2d at 657.

*State v. Draughn*, 05-1825, p. 7 (La. 1/17/07), 950 So.2d 583, 592, *cert. denied*, 552 U.S. 1012, 128 S.Ct. 537 (2007).

4

Possession of a firearm by a convicted felon is governed by La.R.S. 14:95.1, which provides that it is unlawful for any person who has been convicted of certain enumerated felonies to possess a firearm. However, La.R.S. 14:95.1(C)(1) states that this section "shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence."

In *State v. Recard*, 97-754, p. 9 (La.App. 3 Cir. 11/26/97), 704 So.2d 324, 329, *writ denied*, 97-3187 (La. 5/1/98), 805 So.2d 200, this court held:

> To convict Defendant of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and, (4) general intent to commit the offense. La.R.S. 14:95.1; *State v. Husband*, 437 So.2d 269 (La.1983); *State v. Tatum*, 27,301 (La.App. 2 Cir. 9/27/95); 661 So.2d 657.

"The State must prove the felony conviction and that ten years has not elapsed since the date of completion of punishment. Evidence of the initial sentence imposed is not sufficient to establish the date of completion of punishment." *State v. Knight*, 99-138, p. 4 (La.App. 5 Cir. 6/30/99), 738 So.2d 1179, 1181 (citations omitted).[3]

> In regard to a prior enumerated felony committed in Louisiana, this Court observed in *State v. Miller*, 499 So.2d at 283, that discharge from supervision of probation can take place earlier than the theoretical date on which a probationary period would have terminated. Accordingly, we concluded in *Miller* that (under the circumstances presented therein) the date of completion of punishment had not been proved beyond a reasonable doubt based upon the state's evidence which established only the term of the probationary sentence imposed for the prior conviction, i.e., the theoretical date on which the sentence would have terminated.

*State v. Dennis*, 569 So.2d 566, 568-69 (La.App. 1 Cir. 1990) (footnote omitted).

---

[3]A different rule is applicable when the defendant's prior conviction and his subsequent conviction occur within the ten-year period. *See State v. Hicks*, 98-1231 (La.App. 5 Cir. 3/30/99), 733 So.2d 652 (court can look to record of proceeding for proof that predicate offense fell within ten-year period).

The date of the defendant's prior conviction was September 5, 1995. The current offense occurred on May 30, 2008, and the bill of information was filed on July 24, 2008. It is clear that the offense at issue occurred more than ten years after the prior offense. Although the State presented proof of the probationary term in the case at bar, it failed to prove the date of completion of punishment. Thus, the State failed to prove beyond a reasonable doubt that the ten-year cleansing period had not lapsed.

Based on the State's failure to prove the ten-year cleansing period had not lapsed, one of the elements of proof the State was required to establish beyond a reasonable doubt, we reverse the defendant's conviction and vacate her sentence. Because we have determined that the defendant's conviction be reversed, we need not address the State's failure to prove the remaining elements of the offense.[4]

**DECREE**

The defendant's conviction is reversed and sentence is vacated.

**CONVICTION REVERSED; SENTENCE VACATED.**

---

[4]In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. After reviewing the record, we find the trial court erred in ordering payment of a fine and costs in installments within one year of release from incarceration. As provided in La.Code Crim.P. art. 888, the fine and costs are required to be payable immediately if imposed as part of the principal sentence, as they were in this case. Nevertheless, our finding that the defendant's conviction be reversed and her sentence be vacated renders the patent error moot.