PITMAN, J.
Defendant Antonio D. Robinson appeals as excessive his sentences for attempted possession of a Schedule II controlled dangerous substance in Counts One and Two and attempted possession of a firearm or carrying a concealed weapon by a convicted felon in Count Three. For the following reasons, Defendant's sentences for Counts One and Two are vacated and remanded for resentencing. The conviction and sentence for Count Three are reversed.
FACTS
On April 5, 2017, Defendant was charged by bill of information with two counts of possession with intent to distribute a Schedule II controlled dangerous substance (cocaine and methadone) (Counts One and Two) and possession of a *719 firearm or concealed weapon by a convicted felon (Count Three). The bill of information listed the date for all three offenses as March 3, 2017. On July 13, 2017, the state filed an amended bill of information, which altered the predicate offense used in Count Three from simple burglary of an inhabited dwelling committed on or about October 15, 2012 (Trial Docket No. 308,157), to simple burglary committed on or about August 26, 2003 (Trial Docket No. 229,735).
A jury trial was held and Peter Goeders, Probation and Parole Officer at the Minden District Office of the State of Louisiana, presented testimony regarding Defendant's guilty plea to simple burglary in Docket No. 229,735. Goeders confirmed that he was not the officer who supervised Defendant in 2004 and that the officer who did supervise Defendant was no longer employed there. He affirmed that Defendant had been under the supervision of the probation and parole office in 2003 and 2004. He stated that he had reviewed Defendant's parole case file and identified the Bill of Information in Docket No. 229,735 for simple burglary, which was introduced into evidence as Exhibit 12. He identified court minutes in the same docket number, which were introduced into evidence as Exhibit 13. He read aloud for the jury the minute entry for August 26, 2003, which reflected that Defendant waived arraignment and pled guilty to the charge of simple burglary.
The minutes, as read by Goeders, also stated as follows:
The Court informed the defendant of his constitutional rights per Boykin versus Alabama. Whereupon the defendant was sentenced to pay a fine of $300 and court costs, or in default thereof, serve 90 days-or-49 days in the parish jail, and in addition, be confined at labor for a period of four years and committed to the Louisiana Department of Corrections, subject to the conditions provided by law. The Court ordered the hard labor sentence suspended and placed the defendant on supervised probation for a period of two years with special conditions (see the special conditions sheet). The Court ordered the defendant given credit for time served and informed the defendant of his rights to post-conviction relief proceedings. Execution of sentence was deferred until October 31st, 2003.
On cross-examination, Defendant's attorney questioned Goeders about whether he had any other knowledge regarding Defendant's probation and parole history. Goeders replied that he did not, other than what was in the record that he had just read aloud. He briefly augmented that statement and added, "Well, he was also on parole out of the Minden District Office after the probation was revoked." He reiterated that he was not Defendant's parole officer. No time period for the termination of that probation revocation was elicited from the witness.
On July 13, 2017, following a jury trial, Defendant was convicted of the responsive verdicts of attempted possession of a Schedule II controlled dangerous substance on Counts One and Two and of attempted possession of a firearm or carrying a concealed weapon by a convicted felon on Count Three. On October 18, 2017, he was sentenced to 12 years at hard labor for Counts One and Two and to 5 years at hard labor for Count Three, to be served concurrently.
On November 17, 2017, Defendant filed a motion to reconsider sentence, which was denied by the trial court on February 5, 2018.
The instant appeal followed.
*720 DISCUSSION and ERRORS PATENT
Defendant challenges the excessive nature of his sentences on appeal and contends that the trial court did not adequately consider the factors under La. C. Cr. P. art. 894.1. However, the error patent and other error discussed below render Defendant's arguments moot. Similarly, the state's arguments are also moot.
A review of the record reveals an error patent in that Defendant was convicted of the responsive verdicts of attempted possession of a Schedule II controlled dangerous substance as to Counts One and Two, but the trial court erroneously sentenced him for attempted possession of a Schedule II controlled dangerous substance with intent to distribute. La. R.S. 40:967(B)(4). The transcript from the trial clearly reflects that Defendant was convicted of two counts of attempted possession of a Schedule II controlled dangerous substance, which is an appropriate responsive verdict under La. C. Cr. P. art. 814. The convictions for both counts are corroborated by the jury's verdict form and the minutes. At sentencing, however, after reviewing the contents of Defendant's presentence investigation report, the trial court stated:
To me the breaks that you got on attempted possession with intent to distribute the cocaine and the methadone, because of the attempt that the jury found you convicted of that is only up to a 15-year maximum because the attempted takes the 30 years off the table and makes it 15 years. All right?
* * *
Based on my review of the [presentence investigation report] as well as my review of the facts particular to your case as well as the case that was heard by the jury back in-that I presided over back on July 13th of 2017 the Court sentences you on the attempted possession with intent to distribute Schedule II, cocaine, to twelve years at hard labor. On the attempted possession with intent to distribute Schedule II, methadone, the Court sentences you to twelve years of hard labor. On the attempted possession of a firearm by a convicted felon the Court sentences you to five years hard labor. I'm going to run all those sentences concurrent with one another [.]
A defendant convicted of attempted possession of a Schedule II controlled dangerous substance (cocaine and methadone) for an act which occurred in March 2017 could be sentenced to a maximum sentence of 2½ years with or without hard labor and, in addition, could be sentenced to pay a fine of not more than $2,500. La. R.S. 14:27 and 40:967(C)(2) ; State v. Daggs , 36,216 (La. App. 2 Cir. 8/14/02), 823 So.2d 1093.
Here, Defendant was improperly sentenced to serve 12 years at hard labor on Counts One and Two, exceeding the maximum possible sentence he could have received by almost 10 years. Neither party raised the error at sentencing or in their appellate briefs. Accordingly, Defendant's sentences on Counts One and Two are vacated and remanded for resentencing under La. R.S. 14:27 and 40:967(C)(2).
A further review of the record indicated a second error patent in that the trial court failed to impose the mandatory fine on Count Three as required under La. R.S 14:95.1(B). The review also revealed a more serious error concerning the conviction on Count Three, which negates the need to address the failure to impose a mandatory fine. The state failed to prove every essential element of the crime of attempted possession of a firearm by a convicted felon, i.e., proof that the ten-year cleansing period had not elapsed. Without this proof, the jury could not appropriately *721 find Defendant guilty of the crime charged.
In State v. Williams , 438 So.2d 1286 (La. App. 3 Cir. 1983), the third circuit stated that while it did not hold that insufficiency of evidence was an error patent which should be checked in every case, if the error comes to the attention of the court, the court should recognize it because no one should be put in prison if he has been convicted on insufficient evidence. See also State ex rel. Womack v. Blackburn , 393 So.2d 1216 (La. 1981). The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ; State v. Nealy , 450 So.2d 634 (La. 1984) ; State v. Morris , 521 So.2d 1214 (La. App. 2 Cir. 1988), writ denied , 530 So.2d 80 (La. 1988).
La. R.S. 14:95.1(C), which concerns possession of a firearm by a person convicted of certain felonies, stated in March 2017 as follows:
The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence. (Emphasis added.)
In State v. Castor , 50,512 (La. App. 2 Cir. 4/13/16), 194 So.3d 668, this court stated that to support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. Citing State v. Law , 45,435 (La. App. 2 Cir. 8/11/10), 46 So.3d 764. This court also stated:
Absence of the 10-year prescriptive period is an essential element of the offense. State v. Williams , 366 So.2d 1369 (La. 1978), overruled on other grounds , State v. Landry , 588 So.2d 345 (La. 1991). A convicted felon who completed his sentence and supervision is not prohibited from possessing firearms. As such, the state has the burden of proving that the 10-year prescriptive period had not elapsed when charging a defendant under La. R.S. 14:95.1. Id. (Emphasis added.)
In proving every element of the offense, the state must prove not only the felony conviction, but the date of completion of the punishment. Evidence of the initial sentence imposed is not sufficient to establish the date of completion of punishment. State v. Miller , 499 So.2d 281 (La. App. 1st Cir. 1986). In other words, in order to prove that the 10-year cleansing period has not elapsed, the state must present evidence of the date (sic ) termination of sentence. State v. Harris , 444 So.2d 257 (La. App. 1st Cir. 1983), writ denied , 445 So.2d 1234 (La. 1984) ; State v. Knight , 99-138 (La. App. 5th Cir. 6/30/99), 738 So.2d 1179.
In State v. Raymo , 419 So.2d 858 (La. 1982), the Louisiana Supreme Court found that "[b]ecause the state's case was devoid of evidence of an essential element of the charged offense, ... defendant's conviction and sentence must be set aside, ... regardless of how the error is brought to the attention of the reviewing court." See also , State v. Williams , 13-1226 (La. 12/2/13), 131 So.3d 33.
*722 In the case sub judice , the record reflects that the state failed to prove the essential element that the ten-year cleansing period had not elapsed between Defendant's conviction and eventual parole revocation in Docket No. 229,735 when he pled guilty to simple burglary on August 26, 2003, and the crimes for which he was being tried, which were committed in March 2017. Although Goeders testified that Defendant's parole was revoked in the 2003 simple burglary case, the state failed to present any evidence of the date of completion of sentence, probation, parole or suspension of sentence. The jury could not have reached a competent verdict of guilty of attempted possession of a firearm by a convicted felon without being presented with this information.
For the foregoing reason, the conviction on Count Three for attempted possession of a firearm by a convicted felon is hereby reversed.
CONCLUSION
For the foregoing reasons, Defendant Antonio D. Robinson's conviction and sentence on Count Three for attempted possession of a firearm or carrying of a concealed weapon by a convicted felon are reversed. The two convictions for attempted possession of a Schedule II controlled dangerous substance (Counts One and Two) are affirmed; however, due to the error patent, the sentences for these counts are vacated and the matters remanded for resentencing in accordance with La. R.S. 14:27 and 40:967(C)(2).
REVERSED IN PART, VACATED IN PART AND REMANDED.