BLEICH, J., Ad Hoc.
hThe defendant, Detrick Castor, pled guilty under State v. Crosby, 338 So.2d 584 (La.1976), to one count of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, and one count of illégal use of a firearm, in violation of La. R.S. 14:94(B). Castor was sentenced to 10 years at hard labor without the benefit of parole, probation or suspension of sentence for Count One, and to 2 years -at hard labor for Count Two, to be served concurrently. Castor, now appeals, challenging the sufficiency of the factual basis for the acceptance of his guilty plea for the possession of a firearm by a convicted felon *670 charge. The conviction for illegal use of a firearm is not at issue in this appeal. For the following reasons, we affirm.
FACTS
On July 11, 2014, Castor was charged by an amended bill of information with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. This offense allegedly occurred on November 10, 2013. The instant appeal concerns the sufficiency of proof of the predicate felony conviction for the charge of possession of a firearm by a convicted felon.
The bill alleged that Castor was previously convicted of possession of cocaine on June 21, 1999, in Docket Number 99-F0909, and of attempted possession of a firearm on February 6, 2013, in Docket Number 11-F3325. On August 19, 2014, the defense filed a motion to quash, alleging that the predicate offense for possession of cocaine, in Docket Number 99-F0909, could not provide the basis for the instant charge of possession of a firearm by a convicted felon because the 10-year cleansing period in La. R.S. |214:95.1(C) had expired. The defense noted that in Docket Number 99-F0909, on June 21, 1999, Castor received a deferred sentence under La. C. Cr. P. art. 893 of three years supervised probation. The defense argued that the cleansing period began to run on June 21, 2002, and expired on June 21, 2012, prior to the February 6, 2013 conviction in Docket Number 11-F3325, and therefore no interruption occurred.
The state filed an opposition, arguing that, as shown by a petition for cause issued in Docket Number 99-F0909, a probation warrant was issued for Castor on February 19, 2002, and was recalled on October 8, 2008, at which time Castor’s probation was terminated. Therefore, the state argued that the 10-year cleansing period did not begin to run until October 8, 2008. Also, the state claimed that Castor’s December 8, 2011, arrest, and February 6, 2013, conviction, for attempted possession of a firearm, in Docket Number 11-F3325, interrupted the 10-year cleansing period.
Following a hearing on September 2, 2014, the trial court ordered the parties to file additional memoranda.
Thereafter, the defense filed a memorandum, claiming that because the warrant was issued in Docket Number 98-F1712, rather than Docket Number 99-F0909, it could not provide the basis for an interruption of the cleansing period, and Castor’s probation in Docket Number 99-F0909 terminated on June 21, 2002. The defense argued that Docket Number 98-F1712, which has the same underlying factual basis for the charge in Docket Number 99-F0909, cannot be used as a predicate offense as it would violate the prohibition against double jeopardy.
|ROn September 17, 2014, the state filed a second amended bill of information to modify the allegations regarding Castor’s prior conviction for possession of cocaine to provide that he pled guilty to that crime on June 21, 1999, and was sentenced on August 22, 2001, in Docket Numbers 98-F1712 and 99-F0909.
The state also filed a memorandum, claiming that Docket Numbers 98-F1712 and 99-F0909 were used interchangeably for Castor’s conviction for possession of cocaine. The state claimed that Castor was originally charged in Docket Number 98-F1712, but a bill was filed in Docket Number 99-F0909 on the date that he pled guilty in drug court, and that he was later removed from drug court and transferred to Section G, where he was sentenced to five years at hard labor, suspended, and five years of supervised probation on August 22, 2001, in Docket Number 98-F1712. The state claimed that Castor’s *671 probation would have expired on August 22, 2006, but because of the warrant issued on February 19, 2002, Castor’s probation did not terminate until October 8, 2008, when the warrant was recalled. The state argued that the 10-year cleansing period began to run on October 8, 2008, but was interrupted by Castor’s conviction in Docket Number 11-F3325 on February 6, 2013. Further, the state claimed that Castor had no right to collaterally attack his prior convictions in Docket Numbers 98-F1712 and 99-F0909 on the basis of double jeopardy because he was not punished multiple times for the same offense and he was sentenced in accordance with a plea agreement he signed in drug court.
| ¿Another hearing on Castor’s motion to quash was held on October 28, 2014. The state called Assistant District Attorney Jill Goudeau to testify regarding the proceedings in Docket Numbers 98-F1712 and 99-F0909. Goudeau testified that despite the different docket numbers, these two cases involved the same facts. She stated that Castor was originally charged by bill of indictment with distribution of cocaine and conspiracy to distribute cocaine in Docket Number 98-F1712, but on June 21, 1999, the state filed a new bill of information, charging him with possession of cocaine, in Docket Number 99-F0909. That same date, the case in Docket Number 98-F1712 was dismissed, and pursuant to a Drug Court Plea Agreement, Castor pled guilty to possession of cocaine in Docket Number 99-F0909, whereby the imposition of sentence was suspended, and he was placed on three years |fiof supervised probation. However, Goudeau noted that although Castor pled guilty under Docket Number 99-F0909, the drug court judge incorrectly wrote Docket Number 98-F1712 on the Drug Court Plea Agreement. In the Drug Court Plea Agreement, Castor was informed that the sentence range for possession of cocaine was zero to five years with or without hard labor, that he was not being sentenced at that time, that he was only being placed on probation, and that if he failed to comply, he could be removed from drug court and sentenced. Goudeau testified that Castor did not complete all of the requirements of drug court and requested to be removed from drug court. Once he was removed from drug court, he was transferred to Division G on June 25, 2001. Goudeau stated that on August' 22, 2001, Castor was sentenced to five years at hard labor, suspended, and five .years of supervised probation under Docket Number 98-F1712, apparently because . that docket.number was nn the plea agreement. Also, Goudeau testified that she did not have any information regarding .whether there was a warrant or motion to revoke Castor’s probation filed prior to June 21, 2002, in Docket Number 99-F0909.
Following arguments, the trial court denied Castor’s motion to quash. The court stated that there was a clerical error, in that Castor pled guilty under one docket number and was sentenced in a different docket number in the sariae case; and that Castor was not sentenced twice because there was no sentence imposed in Docket Number 99-F0909, it was deferred. The court stated that the 10-year cleansing period had not expired because after Castor’s five-year probation sentence expired, in 2006, he was arrested for the instant offense in 2013, within 10 years. Castor sought supervisory review of the denial of his motion to quash, which was denied. State v. Castor, 49,976 (La.App.2d Cir.2/27/15). Castor subsequently applied for supervisory review with the Louisiana Supreme Court, which likewise denied his application on April 17, 2015. State v. Castor, 15-0633 (La.4/17/15), 168 So.3d 405 (Mem.).
As previously stated, Castor subsequently entered a Crosby plea and was sentenced to 10 years at hard labor, with *672 out benefits, on the possession of a firearm by a convicted felon charge. This appeal followed. '
DISCUSSION
 Castor’s sole assignment Of error challenges the state’s proof that the 10-year cleansing period had not elapsed such that his previous conviction | (¡for possession of cocaine can be used to support his conviction of possession of a firearm by' a convicted felon. Castor urges the same arguments- to this Court that he presented to the trial court on the motion' to quash, as described above, and argues that the state’s failure to provide sufficient proof of the predicate requires that-his conviction and sentence for that charge be vacated.
The state argues that it provided the trial court with copies of the minute entries, which stated that Castor was sén-tenced to five years’ supervised probation on- August 22, 2001; with a copy of a warrant dated February 19, -2002, which alleged that Castor’s probation expired on August -22, 2006; and, with a court order that terminated Castor’s probation, based on unsatisfactory completion of sentence, on October .8, 2008, According to the state, the trial court had sufficient evidence to find that Castor’s probation expired on October 8, 2008, and that the 10-year prescriptive period had not elapsed when Castor was arrested on November 10,2013..
La. R.S. 14:95.1 provides, in pertinent part: '
A.' It is unlawful for any person who has- been convicted of a crime of violence as defined in R.S, 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of‘an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of. a controlled dangerous substance, or any violation of the Uniform Controlled Dangerous- Substances Law which is a felony,1 or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would |7be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
C. The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
Thus, to support a'conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. State v. Law, 45,435 (La.App.2d Cir.8/11/10), 46 So.3d 764.
Only the third' element of the offense is at issue in the case subjudice. Absence of the 10-year prescriptive period is an essential element of the offense. State v. Williams, 366 So.2d 1369 (La.1978), overruled on other grounds, State v. Landry, 588 So.2d 345 (La.1991). A convicted felon who completed his sentence and supervision is not prohibited from possessing firearms. As such, the state has the burden *673 of proving that the 10-year prescriptive period had not elapsed when charging-a defendant under La. R.S. 14:95.1. Id.
In proving every element of the offense, the state must prove not only the felony conviction, but the date of completion of the punishment. Evidence of the initial sentence imposed is not sufficient to establish the date of completion of punishment. State v. Miller, 499 So.2d 281 (La. App. 1st Cir.1986). In other words, in order to prove that the lOr-year cleansing period has not elapsed, the state .must present evidence of the date |stermination of sentence. State v. Harris, 444 So.2d 257 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1234 (La.1984); State v. Knight, 99-138 (La.App. 5th Cir.6/30/99), 738 So.2d 1179.
In the instant case, we find that the state presented sufficient proof that the 10-year period had not elapsed. The testimony of Goudeau and the documents from Docket Numbers 98-F1712.and 99-F0909 indicate that there was a clerical error in the use of these two docket numbers and that these two docket numbers collectively represent one case for which Castor was sentenced once. Specifically, the record reveals the following: (a) there was a clerical error, which resulted in Docket Number 99-F0909 and. Docket Numbers 98-F1712 being used interchangeably; (b) Castor pled guilty to possession of cocaine on June 21, 2001, in drug court; (c) Castor’s three years of supervised probation, ordered by the drug court on June 21, 2001, was not a “final sentence,” but rather a condition imposed by the drug court as part of its first offender progranj, as indicated by the minute entry on June 21, 2001, which stated that sentencing was “deferred”; (d) Castor failed to complete the drug court program; (e) his case was removed from drug court to “Division- G,” and he was .sentenced to five years’ supervised probation on August . 22, 2001; (f) Castor failed to comply with the conditions of his five-year supervised probation; and, (g) the trial judge issued an order, declaring that Castor’s period of supervised probation had been terminated and that Castor was “discharged unsatisfactorily” on October 8, 2008. See States Blackson, 38,044 (La.App.2d Cir.1/28/04), 865 So.2d 272.
IsThe date on which to base the initiation of the tolling of the 10-year prescriptive period is irrelevant to the extent that the parties dispute the correct “completion of sentence” date,. among the options of (1) August 22, 2006 .(the original date of Castor’s completion of his five-year .probationary period); or, (2) October 8, 2008 (the date on which the trial judge indicated Castor’s sentence was terminated). Regardless of whether the issuance of the warrant extended Castor’s probation to the date the warrant was recalled or whether Castor’s conviction for a non-enur merated felony interrupted the cleansing period, 10 years did not elapse between the date Castor’s probation would have terminated on its face, August 22, 2006, and the date of his arrest for the instant offense, November 10, 2013. For these reasons,, we conclude that there was sufficient proof that the 10-year period of La. ' R.S. 14:95.1(0) had not elapsed from the “date of completion of sentence, probation, parole or suspension of sentence” on Castor’s conviction for possession of cocaine in Docket Numbers 98-F1712 and 99-F0909 to support the charge of, and conviction for, possession of a firearm by a convicted felon.
CONCLUSION
For the foregoing reasons, the convictions and sentences of Detrick Lamont Castor are AFFIRMED.