Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 53,086-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

LEAVERN JOHNSON, III                        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 358,729

Honorable Katherine C. Dorroh, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Carey J. Ellis, III


LEAVERN JOHNSON, III                 Pro Se


JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney


JASON W. WALTMAN
SUZANNE M. WILLIAMS
MALLORY RICHARD
Assistant District Attorneys

* * * * *


Before STONE, COX, and THOMPSON, JJ.

**THOMPSON, J.**

This criminal appeal arises following a jury trial of the defendant, Leavern Johnson, III ("Johnson"),[1] in the First Judicial District Court, Caddo Parish, the Honorable Katherine Dorroh presiding. Johnson was convicted of the crime of possession of a firearm or carrying a concealed weapon by a convicted felon and was sentenced to ten years at hard labor. Johnson now appeals his conviction and sentence. His appellate counsel has filed a motion to withdraw, along with a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), alleging that there are no non-frivolous issues upon which to base the appeal. This Court held the motion to withdraw in abeyance and allowed Johnson 30 days within which to file a pro se brief. As of this date, no pro se brief has been filed. For the following reasons, appellate counsel's motion to withdraw is granted and Johnson's conviction and sentence are AFFIRMED.

## FACTS AND PROCEDURAL HISTORY

Johnson was charged by bill of information with illegal possession of stolen firearms, in violation of La. R.S. 14:69.1, and possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. On July 9, 2018, Johnson waived formal arraignment and pled not guilty to both charges. On January 14, 2019, the state filed an amended bill of information, charging Johnson with only possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of

---

[1] We recognize that there is a discrepancy in Johnson's name, and that Johnson's personal signature reflects that his name is Leaverne Johnson, III.

La. R.S. 14:95.1.[2] Johnson was again arraigned and entered a plea of not guilty to the amended charge.

After arraignment, jury trial on the matter began. Prior to completing jury selection, the parties stipulated to not "elicit any testimony or introduce any evidence that the gun itself was stolen or whom it was stolen from." The state also filed, without objection from the defense, a notice of its intent to call Sergeant Skyler VanZandt ("Sgt. VanZandt"), of the Shreveport Police Department, as an expert in fingerprint analysis and identification, in compliance with La. C. Cr. P. art. 719. Subsequently, but prior to the completion of jury selection, Sgt. VanZandt took fingerprints of Johnson in open court to use as a known sample for later comparison in relation to Johnson's previous felony conviction. Once the jury was selected, witnesses were placed under the rule of sequestration and the trial began with opening statements from the state, followed by the defense waiving opening statement. At trial, the following evidence was adduced:

On June 7, 2018, at approximately 11:00 p.m., Corporal Michael Tong ("Cpl. Tong") was patrolling West Cedar Grove, with Corporal Leroy Bates ("Cpl. Bates"), when they noticed someone riding a bicycle with no lights against the flow of traffic.[3] Johnson was riding his bicycle southbound on Dowdell Street in a northbound lane, between West 70th and West 71st Street. Cpl. Tong was driving behind Johnson heading southbound with Cpl. Bates in the front passenger seat. Both officers were

_____

[2] The underlying felony as alleged in the bill of information is a May 14, 2014, simple burglary conviction, under Docket No. 321,044.

[3] Riding a bicycle against the flow of traffic is in violation of La. R.S. 32:71. Pursuant to La. R.S. 32:1(92), a "bicycle . . . shall be a vehicle" for the purposes of the statute.

in uniform. Cpl. Bates noted that, because Johnson presented a safety hazard as he could potentially get hit by a car, they decided to make a stop with Cpl. Tong activating his lights and sirens.[4] Johnson did not stop.

Cpl. Tong testified that he "gave chase" in his vehicle and even rolled down his windows to get Johnson to stop but he refused. Cpl. Bates noted that Johnson stood up on his bike to pedal faster in an effort to avoid them. During the pursuit, Cpl. Bates attempted to use the radio to inform officers of their location. Johnson then proceeded west on West 71st Street, towards Linwood Avenue. As Cpl. Tong was pursuing Johnson, he attempted to cut Johnson off, and Johnson went into a ditch. Johnson then "threw off his bike and took off toward the vacant lot."

The vacant lot was described as grassy and completely empty with a wooded area in the back and a drainage ditch on the side. Cpl. Tong confirmed that the area was dark and there were no other individuals nearby.

As Johnson ran into the vacant lot, Cpl. Tong and Cpl. Bates jumped out of the car and ran after Johnson, with Cpl. Tong taking the lead in the pursuit. Cpl. Tong testified that, as he closed the gap between himself and Johnson, Johnson stopped, turned towards him, pulled something out of his waistband that was black, and tossed it. Cpl. Bates also testified he saw Johnson "messing with something in his waistband." Cpl. Tong noted that he did not get a good look at the item because his flashlight went out. Cpl. Bates testified that he saw Cpl. Tong get close to Johnson, and that he saw

---

[4] At the outset of Cpl. Bates' testimony, he stated that he and Cpl. Tong were "on a special operation. It was operation darkness falls." Cpl. Bates testified that operation darkness falls was to "address the shootings and high crime activity" in the area they were patrolling (West Cedar Grove). Thus, Cpl. Bates testified that the other reason they stopped Johnson was because they "were working that operation and wanted to stop him and make sure he wasn't involved in, you know, any of the activities."

3

Johnson fall. Within a second or two Cpl. Tong was able to tackle Johnson to the ground. The chase ended in the 300 block of West 71st Street. Johnson was arrested and taken back to the officers' patrol unit.

While Cpl. Bates stayed with Johnson, Cpl. Tong returned to the location where he arrested Johnson and located a number of items. Cpl. Tong identified the following as the items he located in the vacant lot: the Glock Model 22 handgun; the extended magazine; and bullets from the magazine he recovered. When Cpl. Tong found the gun and magazine they were separate but not that far apart and he eventually removed the bullets from the magazine. Cpl. Tong believed these items were what he saw Johnson throw from his waistband. All items were admitted into evidence, without objection.

Cpl. Tong then described the protocol that he and Cpl. Bates used to collect and seize these items. After Cpl. Tong gathered the items and took them back to the police station, he placed them in evidence bags, stamped them with evidence stickers, logged them into the computer, and then stored them in the evidence room. Cpl. Bates completed a chain of custody form before the items were submitted to the evidence room.

Cpl. Tong did not submit the items for further testing, such as DNA testing or fingerprint analysis, because he found the items "with the suspect during our pursuit." Cpl. Bates also explained that the items recovered were not tested for DNA or fingerprint analysis because "that's not a normal procedure a patrol officer does." Also, Cpl. Bates noted that there were time constraints, he and Cpl. Tong were working an operation, and Johnson was arrested early on in the night. Cpl. Bates testified that he and Cpl. Tong had to work quickly so they could continue working the operation.

4

On redirect, Cpl. Tong clarified that situations where he submitted a weapon for fingerprint and DNA analysis usually involved a murder. Additionally, because of where he found the gun, its proximity to where Johnson was arrested, and that he actually saw Johnson throw an object out of his waistband, he did not have the firearm tested. Following the officers' testimony, the jury was reminded not to discuss the case and was excused until the next day to continue the trial.

On January 15, 2019, the state recalled the matter for jury trial. The state called its final witness, Sgt. VanZandt. Sgt. VanZandt testified that he had been with the Shreveport Police Department for 24 years, and is currently assigned to the administrations division special events unit. Sgt. VanZandt testified to his education and training and was tendered, with no objections, and accepted as a fingerprint identification and analysis expert.[5] Sgt. VanZandt compared the fingerprints taken the previous morning in open court to the bill of information[6] and confirmed Johnson's identity.[7]

Later that day, the jury unanimously found Johnson guilty as charged of possession of a firearm by a convicted felon. On January 23, 2019, the trial court held Johnson's sentencing hearing. On that date, defense counsel

---

[5] Sgt. VanZandt has been examining fingerprints in the administrations division special events unit since 2000. He has received 358 hours of outside training and full-time casework in the 14 years he served in the crime scene investigations unit. In 2005, Sgt. VanZandt received an internal certification. This certification requires four years of full-time casework, two letters of endorsement, 40 hours of outside education within the last five years, and then complete a test that has "about a 50 percent failure rate." Sgt. VanZandt testified that he has served as an expert in fingerprint identification and analysis "hundreds of times."

[6] The bill of information was the May 14, 2014, simple burglary conviction, under Docket No. 321,044. Included with the May 14, 2014, bill of information were transcripts containing Johnson's guilty plea in the previous case for simple burglary.

[7] The record reflects that the state filed a habitual offender bill with a hearing set for March 20, 2019. The record is void as to whether Johnson was resentenced as a habitual offender.

filed a motion for post-verdict acquittal, which the trial court denied with oral reasons. Johnson waived sentencing delays and was fingerprinted by the bailiff. After considering the factors as outlined in La. C. Cr. P. art. 894.1, the trial court sentenced Johnson to ten years hard labor without benefit of probation, parole, or suspension of sentence, with credit for time served. Johnson was ordered to pay $1,000 plus court cost, plus $50 to the Indigent Defender's Office, through inmate banking. Johnson was advised of his right to appeal and seek post-conviction relief. On February 4, 2019, Johnson filed a motion to reconsider sentence, which was denied. The instant appeal followed.

## DISCUSSION

On July 1, 2019, Johnson's appellate counsel filed a motion to withdraw and *Anders* brief alleging that, after a thorough review of the entire record, he could find no non-frivolous issues to raise on appeal. *See Anders v. California*, *supra*; *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241; *State v. Mouton*, 95-0981 (La. 04/28/95), 653 So. 2d 1176; *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). The brief outlines the procedural history and facts of the case, and includes a detailed and reviewable assessment for both Johnson and this Court as to whether the appeal is worth pursuing. Appellate counsel verified that he mailed copies of the motion to withdraw and his brief to Johnson, who has not filed a pro se brief. By this Court's order, the motion to withdraw was held in abeyance and Johnson was granted additional time to file a pro se brief. Johnson did not file a pro se brief and the state declined to file a brief.

6

**Applicable law:**

La. R.S. 14:95.1 provides that it is unlawful for any person who has been convicted of simple burglary to possess a firearm or carry a concealed weapon. To support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. *State v. Castor*, 50,512 (La. App. 2 Cir. 04/13/16), 194 So. 3d 668, 672; *State v. Law*, 45,435 (La. App. 2 Cir. 08/11/10), 46 So. 3d 764, 770.

La. R.S. 14:95.1(B) provides, in pertinent part, that the sentencing range for possession of a firearm or carrying a concealed weapon by a convicted felon shall be imprisonment at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and a fine of not less than one thousand dollars nor more than five thousand dollars.

The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). A reviewing court must consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, *supra*; *State v. Tate*, 01-1658 (La. 05/20/03), 851 So. 2d 921, 928, *cert. denied*, 541 U.S. 905, 124 S. Ct. 1604, 158 L. Ed. 2d 248 (2004); *State v. Crossley*, 48,149 (La. App. 2 Cir. 06/26/13), 117 So. 3d 585, 591, *writ denied,* 13-1798 (La. 02/14/14), 132 So. 3d 410.

7

The court does not assess the credibility of witnesses or reweigh evidence, and accords great deference to the trier of fact's decisions to accept or reject witness testimony in whole or in part. *State v. Lensey*, 50,242 (La. App. 2 Cir. 11/18/15), 182 So. 3d 1059, 1061, *writ denied*, 15-2344 (La. 03/14/16), 189 So. 3d 1066. Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. *State v. Glover*, 47,311 (La. App. 2 Cir. 10/10/12), 106 So. 3d 129, 134, *writ denied*, 12-2667 (La. 05/24/13), 116 So. 3d 659.

**Application of law to fact:**

A review of the record discloses no non-frivolous issues for appeal and no rulings which arguably support an appeal. In addition, the record provides sufficient evidence to support a conviction of possession of a firearm or carrying a concealed weapon by a convicted felon.

Here, three officers with the Shreveport Police Department testified to the essential elements of the state's case for possession of a firearm by a convicted felon. Both Cpl. Tong and Cpl. Bates testified that they witnessed Johnson messing with his waistband during the active pursuit. Cpl. Tong, who, of the two officers pursuing Johnson was the closest, testified that he saw Johnson pull something from his waistband and toss it. Shortly after the officers apprehended Johnson, Cpl. Tong returned to the area and located a gun and its magazine. There were no other individuals in the area as testified by Cpl. Tong. The third officer, Sgt. VanZandt, identified Johnson as the person who was convicted in Docket No. 321,044 of simple burglary in 2014. Sgt. VanZandt used the known fingerprints of Johnson he had

8

taken in open court and compared them to the fingerprints taken in Docket No. 321,044, to make this identification. It is clear that the jury believed the testimony of the officers, which establishes that Johnson was in possession of a firearm; had the general intent to commit the offense; and had a previous conviction for simple burglary, an enumerated felony, which occurred within the last ten years.

Finally, Johnson's sentence of ten years at hard labor is within the applicable sentencing range and is not excessive. The trial court appropriately took into consideration the sentencing factors as outlined in La. C. Cr. P. art. 894.1, and the facts and circumstances of the case. The sentence does not shock the sense of justice. We therefore grant appellate counsel's motion to withdraw and affirm Johnson's conviction and sentence.

## CONCLUSION

For the foregoing reasons, appellate counsel's motion to withdraw is granted, and Johnson's conviction and sentence are affirmed.

**GRANTED AND AFFIRMED.**