Judgment rendered May 10, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,031-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

WILBUR D. BYRD                              Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 379,060

Honorable Christopher T. Victory, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Edward K. Bauman

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

BRITTANY B. ARVIE
TOMMY J. JOHNSON
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and ROBINSON, JJ.

**PITMAN, C. J.**

Defendant Wilbur D. Byrd appeals his conviction and sentence after a jury found him guilty of violating La. R.S. 14:95.1, possession of a firearm by a convicted felon; the trial court sentenced him to ten years' hard labor without benefit of probation, parole or suspension of sentence and fined him $2,500. For the following reasons, Defendant's conviction and sentence are reversed.

## FACTS

On November 9, 2020, Defendant was charged by bill of information with Count 1, possession of a firearm or carrying a concealed weapon by a convicted felon, a violation of La. R.S. 14:95.1, to-wit: a handgun, after having been previously convicted of possession of marijuana-third offense on October 27, 2009, in the First Judicial District Court, Caddo Parish, Louisiana, in Docket No. 280,132. He was also charged with Count 2, theft of a firearm, a violation of La. R.S. 14:67.15.

A motion for a speedy trial was filed and a jury trial commenced on December 16, 2021. The state's first witness was Corporal John McCain of the Caddo Sheriff's Office, a crime scene investigator and fingerprint expert. Cpl. McCain testified that he took Defendant's fingerprints the day of the trial and compared and matched them to the fingerprints taken in Caddo Parish Docket No. 280,132, State v. Byrd, in which Defendant was charged and pled guilty to possession of marijuana-third offense. At the time of that guilty plea, the crime was a felony. The fingerprints were admitted into evidence as were the bill of information and the court minutes from Docket No. 280,132, dated October 27, 2009. The minutes stated that Defendant was sentenced that day to pay a fine of $1,200 and court costs, or in default,

to serve 60 days in the parish jail, and, in addition, to be confined at hard labor for a period of 4 years and committed to the Louisiana Department of Corrections.  The state did not present any evidence of the date Defendant completed his sentence, probation, parole or suspension of sentence.

The facts gleaned at trial reveal that Defendant and Shontell Thomas were involved in a 20-year on-and-off-again relationship.  The last time Thomas allowed Defendant back in her home, he had been homeless.  Defendant convinced Thomas that she needed to be armed, so they went to Academy Sporting Goods, and Defendant purchased two handguns for her.  Defendant paid for the guns, but Thomas testified they were registered in her name.  Thomas also testified that she pawned one of the guns and placed the other one high in her bedroom closet.

In early October 2020, about two months after the purchase of the guns, Thomas found out that Defendant had been womanizing, and she demanded that he move out of the house.  He packed all of his belongings in his car and left.  Thomas stated that she noticed her gun was missing that day, so she called him and asked him to return it.  He refused, so she planned to go to his place of employment, Halco in Caddo Parish, and recover it.  On October 11, 2020, Thomas drove to the Halco parking lot, located Defendant's car and then called the police to report her gun as stolen.  The officer who arrived informed her of the limitations on the actions she could take but also told her that she would question Defendant about the gun.

Thomas watched from her car as the officer approached Defendant as he exited his work premises.  Defendant gave the police officer permission to search the car, and the officer found the gun on the floorboard of the car.  The gun was produced at trial, and Thomas identified it as her gun.

The jury returned a verdict of guilty as charged on Count 1, possession of a firearm by a convicted felon but acquitted Defendant on Count 2, theft of the firearm.

On January 27, 2022, Defendant filed a motion for post-verdict judgment of acquittal and claimed that the evidence was insufficient for the trier of fact to have found the essential elements of the crime beyond a reasonable doubt.  On February 9, 2022, the state filed a memorandum on sentencing and discussed the prior conviction in Docket No. 280,132, upon which the instant conviction was based.  The state did not address the fact that it had not proven the date of Defendant's completion of sentence and supervision but simply stated that if any jurors felt that marijuana use was not a serious crime, they should not consider that as a fact bearing on Defendant's guilt or innocence.   The state noted that Defendant had another conviction for possession of a firearm by a convicted felon, from January 2017, in Docket No. 342,197, which, had it been used as the predicate conviction, would have been within the ten-year prescriptive period.  The minutes of that case were submitted with the memorandum.  The state also noted that Defendant had a prior conviction from 2008 in Docket No. 266,961 for possession of a Schedule II controlled dangerous substance with intent to distribute.  It attached the minutes from that case as well.  The trial court ultimately denied the motion for post-verdict judgment of acquittal.

Sentencing took place on February 10, 2022.  The trial court noted that the sentencing range for violation of La. R.S. 14:95.1 was not less than 5 nor more than 20 years without benefit of parole, probation or suspension of sentence and a fine of not less than $1,000 nor more than $5,000.  It considered La. C. Cr. P. art. 894.1, found aggravating circumstances and

3

noted the prior 2017 conviction for attempted possession of a firearm by a convicted felon and the 2008 conviction for possession of marijuana third offense. It sentenced Defendant to 10 years' hard labor without benefit of probation, parole or suspension of sentence and fined him $2,500.

Defendant appeals his conviction and sentence.

## DISCUSSION

Defendant seeks review of his conviction and sentence and claims insufficiency of the evidence under *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), and that the state failed to establish that the ten-year prescriptive period under La. R.S. 14:95.1 had not elapsed.

Defendant argues that the state failed to prove an essential element of the crime of possession of a firearm by a convicted felon. He asserts that the state failed to produce evidence of the date of his completion of sentence after he was released for the crime in Docket No. 280,132. Further, the state's attempt to raise evidence of the later crime he committed in 2017, which would have fallen within the ten-year prescriptive period and which was presented to the trial court for purposes of sentencing alone, could not be bootstrapped with the evidence presented at trial to the jury. He contends that the jury was not presented with evidence of the later crime when they reached the conclusion that Defendant was guilty of the crime that was before it. He argues that the jury could not have reached a competent verdict of guilty based on the evidence presented by the state, which did not include the essential element of the crime.

The state's brief acknowledges that it only proved the date of the conviction and sentence imposed in Docket No. 280,132, a period greater than ten years, and that it did not prove the date of the completion of the

4

sentence. Had it presented the evidence of the date of Defendant's release, it might have met the requirements of proving La. R.S. 14:95.1(C). The state's brief states, "The court should reverse the conviction of count 1, possession of a firearm or carrying a concealed weapon by a convicted felon."

At the time of the offense, La. R.S. 14:95.1 stated in pertinent part as follows:

> A. It is unlawful for any person who has been convicted of, . . . any violation of the Uniform Controlled Dangerous Substances Law which is a felony, . . . to possess a firearm or carry a concealed weapon.
>
> B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than five nor more than twenty years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
>
> C. The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of, or who have been found not guilty by reason of insanity for, certain felonies **shall not apply to any person who has not been convicted of, or who has not been found not guilty by reason of insanity for, any felony for a period of ten years from the date of completion of sentence, probation, parole, suspension of sentence**, or discharge from a mental institution by a court of competent jurisdiction. (Emphasis added.)

To support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the ten-year statutory period of limitation; and (4) general intent to commit the offense. *State v. Robinson*, 52,315 (La. App. 2 Cir. 11/14/18), 260 So. 3d 717, *citing State v. Castor*, 50,512 (La. App. 2 Cir. 4/13/16), 194 So. 3d 668. Absence of the ten-year prescriptive period is an essential element of the offense. *Id*. A convicted felon who completed his sentence and supervision is not prohibited from possessing firearms. *Id*. As such, the state has the burden

5

of proving that the ten-year prescriptive period has not elapsed when charging a defendant under La. R.S. 14:95.1. *Id.*

In proving every element of the offense, the state must prove not only the felony conviction but the date of completion of the punishment. *Id.* Evidence of the initial sentence imposed is not sufficient to establish the date of completion of punishment. *Id.* In other words, in order to prove that the ten-year cleansing period has not elapsed, the state must present evidence of the date of termination of sentence. *Id.* When the state's case is devoid of evidence of an essential element of the charged offense, the defendant's conviction and sentence must be set aside. *Id.*, *citing State v. Raymo,* 419 So. 2d 858 (La. 1982).

In this case, the state failed to present any evidence of the date of completion of sentence, probation, parole or suspension of sentence. The jury could not have reached a competent verdict of guilty of attempted possession of a firearm by a convicted felon without being presented with this information. Defendant's conviction and sentence must be set aside.

## CONCLUSION

For the foregoing reasons, the conviction and sentence of Defendant Wilbur D. Byrd for violation of La. R.S. 14:95.1 are hereby reversed.

**REVERSED and RENDERED.**

6